IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOAN JONES-SILVERMAN<br><br>v.<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 17-1711 |
|---|---|

**Baylson, J.**                                                                                                     **July 31, 2017**

## MEMORANDUM RE: DEFENDANT'S MOTION TO SEVER

In this case, Plaintiff Joan Jones-Silverman alleges that Allstate Fire & Casualty Insurance Company failed to honor the terms of the underinsured motor vehicle provision of her insurance contract, and exhibited bad faith in its handling of her claim in violation of 42 Pa. C.S.A. §8371. Presently before the Court is Allstate's motion to sever Plaintiff's breach of contract claim and to stay her bad faith claim. For the reasons stated below, Allstate's motion is denied.

### I. Factual and Procedural Background

Taking all facts averred in Plaintiff's complaint as true, they are as follows. On May 18, 2013, Plaintiff was involved in a motor vehicle accident which she alleges caused her severe and permanent injuries. (ECF 1, Compl. ¶ 10.) Plaintiff contends that she requires compensation for her injuries in an amount significantly exceeding the responsible party's maximum policy limit of $25,000. (Id. ¶¶ 27, 35.) Because of the insufficiency of the responsible party's coverage, Plaintiff requested a sum of $350,000 from Allstate pursuant to the underinsured motorist provision in her policy. (Id. ¶ 35.) Allstate has refused to offer a settlement to Plaintiff. (Id. ¶ 36.)

1

On April 14, 2017, Plaintiff filed a complaint against Allstate alleging two claims: (1) breach of contract and (2) bad faith under 42 PA. C.S.A. §8371. (ECF 1.) Allstate answered the complaint on June 1, 2017 and subsequently filed a motion to bifurcate and stay Plaintiff's bad faith claims on June 16, 2017. (ECF 4, 7.) Plaintiff filed a response on June 29, 2017. (ECF 8.)

II. **Legal Standard**

Allstate brings its motion under Federal Rule of Civil Procedure 42(b), which provides that a court may order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The district court has broad discretion in its determination to sever and stay proceedings. Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978); Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976). Bifurcation of issues for trial "is not to be routinely ordered," but is "encouraged where experience has demonstrated its worth." Robert Packer, 579 F.2d at 824 (quoting Fed. R. Civ. P. 42(b) advisory committee's note to 1966 amendment).

A court's determination of whether to sever "requires balancing of several considerations, including 'the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation.'" Official Comm. of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (quoting German v. Fed. Home Loan Mortg. Corp., 896 F. Supp. 1385, 1400 n.6 (2d Cir. 1995)). The court is specifically to consider: (1) whether the claims sought to be tried separately are significantly different from one another, (2) whether the claims require different evidentiary proof, (3) whether the non-moving party will be prejudiced by severance, and (4) whether the moving party will be prejudiced by proceeding to one trial. Id. (citing German, 896 F. Supp. at 1400). The burden is on the moving party to

demonstrate that bifurcation is appropriate. Craker v. State Farm Mut. Auto. Ins. Co., No. 11-0225, 2012 WL 3204214, at *1 (W.D. Pa. Aug. 3, 2012).

**III. Analysis**

  **A. Parties' Contentions**

  Allstate's first argument in support of bifurcation is that there is no overlap in the discovery required for each of the claims. (ECF 7, Def.'s Mot. at 4.) Specifically, Allstate contends that discovery in a breach of contract claim primarily focuses on the driver's injuries, while discovery in a bad faith claim requires an investigation into the insurer's practices of handling the underinsured motorist claim. (Id.) Allstate further suggests that the resolution of the breach of contract claim may moot the bad faith claim entirely. (Id.) Additionally, Allstate argues that some evidence may be considered protected work product as to the breach of contract claim but not the bad faith claim, resulting in an inability to properly defend the breach of contract claim. (Id.) Finally, Allstate asserts that the problem of protected work product will cause it to suffer prejudice and jury confusion at trial. (Id. at 5.)

  Plaintiff, on the other hand, argues that the case law from this Court overwhelmingly supports denying Allstate's motion. (ECF 8, Pl.'s Resp. at 4.) She notes that while these claims present distinct issues, it would be inefficient to have two trials given the extent to which the evidence overlaps. (Id. at 5, 7.) Further, even if the bad faith claim is proved to be moot, it still does not outweigh the benefits of trying the claims together. (Id. at 5.) In regard to potential prejudice resulting from divulging work product, Plaintiff argues that the Court has not found prejudice to be suffered by the insurer in similar situations and that there are procedures in place to address any potential jury issues. (Id. at 7, 8.)

  **B. Discussion**

In support of its motion, Allstate largely relies on state court decisions, including one dissenting opinion, rather than on two cases recently decided by this Court that are factually similar to the instant matter. First, Allstate cites Judge Lally-Green's dissent in <u>Gunn v. Auto Insurance Company of Hartford, Connecticut</u>, 971 A.2d 505 (Pa. Super. Ct. 2009), in which the court considered the defendant insurer's appeal of the trial court's decision to deny a motion to sever and stay a bad faith claim. <u>Id.</u> at 308. The majority reasoned that the court did not have jurisdiction over the appeal because the trial court's order was not an appealable collateral order, while the dissent opined that the order was appealable because it "implicate[d] a right that is too important to be denied review." <u>Id.</u> at 512. The crux of Judge Lally-Green's argument was that the insurer would be unfairly prejudiced by not severing, insofar as it may be compelled to disclose privileged information in the course of discovery on the bad faith claim and may be "forced into unfair settlements as a result of having to litigate and provide discovery on both claims at the same time." <u>Id.</u> at 513.

Separate from the fact that this dissent is, of course, not binding on the Court, it also confronts a different issue than that presented by Allstate's motion. In <u>Gunn</u>, the question was whether the trial court's order denying the insurer's motion to sever had a significant enough effect on the insurer's rights to render the order appealable, whereas the instant case requires our determination, under Rule 42(b), of whether severance is appropriate. Although the former inquiry prompted Judge Lally-Green to consider various factors at issue here, namely the discovery issues Allstate cites, and although the judge ultimately concluded that she would have found the order appealable and reversed it, we are not persuaded by her reasoning. For reasons explained more fully below, we find that any discovery issues that may arise from maintaining these claims in one action are capable on resolution in the normal course of litigation, and that

4

"the benefits of judicial economy and efficiency" outweigh the danger of prejudice to the insurer. Id.

The second main case that Allstate cites is Dunkelberger v. Erie Insurance Company, No. 2010-01956, 2011 WL 7678646 (Pa. Com. Pl. Jan. 24, 2011), in which the court granted the defendant's motion to sever a bad faith claim from the underinsured motorist claim. That case included a lengthy discussion of the merits of delaying bad faith discovery during the pendency of underinsured motorist litigation, and especially focused on the unfair advantage a plaintiff would reap if his lawyer could "obtain and examine the insurance company's claims file, . . . [and thereby gain] insight into the insurer's subjective thoughts and analysis with respect to witnesses, its own insured, and the value of the claim." Id. The court also recognized the disadvantages to severing the claims: increased litigation costs, inconvenience, and inefficiency. Id. Although we do not discount the risks of prejudice pointed out by the court in Dunkelberger, we disagree that such risks outweigh the concomitant benefits of bifurcation; namely, the judicial economy achieved by only having one discovery period and one trial on claims in which there is considerable overlap in the relevant evidentiary proof. This is an issue on which reasonable minds often differ, and here, we have considered the same factors noted by Court of Common Pleas in Dunkelberger, but simply come to a different conclusion.

Indeed, we have recently engaged thoroughly with these issues, in the cases of Zinno v. Geico General Insurance Company, No. 16-792, 2016 WL 6901697 (E.D. Pa. Nov. 21, 2016) and Reeves v. Travelers Companies, No. 16-6448, 2017 WL 1361546 (E.D. Pa. Apr. 11, 2017). In Zinno, this Court denied Geico's motion to bifurcate, reasoning that it would be both inconvenient and a waste of judicial resources to bifurcate given the substantial overlap in evidence required for each of the claims. Zinno, 2016 WL 6901697, at *2, 4. Further, the Court

5

found that Geico would suffer no prejudice in the discovery process; rather, the plaintiff was more likely to be prejudiced because he "[took] the risk that he may be vulnerable to not obtaining documents Geico would otherwise be willing to produce." Id. at *3, 4; see also Reeves, 2017 WL 1361546, at *3 (denying the defendant's motion to bifurcate and stay under Rule 42(b) because there was no indication that prejudice or inefficiencies would result from failing to sever claim). Allstate cites neither Zinno nor Reeves; nevertheless, we describe them here because we find the instant analysis very similar to that undertaken in those cases and remain guided by the reasoning employed therein.

Turning to Allstate's arguments in support of bifurcation, Allstate first contends that there is little overlap between the discovery required for the two claims. (Def.'s Mot. at 4.) But, this is simply not supported by the decisions of courts in this District; indeed, although a breach of contract claim and a bad faith claim are distinct causes of action, they are not dissimilar. Zinno, 2016 WL 6901697, at *2. Rather, any inquiry into the reasonableness of Allstate's investigation would surely include the facts and documentation surrounding the underlying accident, meaning that both claims are likely to rely on the same documentation and witness testimony at trial, such as testimony from Plaintiff, testimony from Allstate's medical expert, and Plaintiff's medical records. Id.; see Craker, 2012 WL 3204214, at *1-2 (denying the defendant's motion to bifurcate in part because of the overlap in issues and testimony required at trial). Given the overlapping nature of the evidence, "it would be both inconvenient and wasteful of judicial resources to require them to appear in two separate trials to testify on overlapping issues." Zinno, 2016 WL 6901697, at *2 (citing Craker, 2012 WL 3204214, at *1-2).

Allstate's second main argument is that the bad faith claim may be moot after a resolution of the breach of contract claim, but this, too, is not dispositive. (Def.'s Mot. at 4);

6

Reeves, 2017 WL 1361546, at *3. Any potential conservation of judicial resources that may result from bifurcation is outweighed by the uncertainty that bifurcation will actually cause the bad faith claim to be moot. Wagner, 2016 WL 233790, at *3. That is, regardless of the outcome of the breach of contract claim, Plaintiff may be able to maintain her bad faith claim under the alternative theory of undue delay in claims processing. Reeves, 2017 WL 1361546, at *3 (citing Wagner, 2016 WL 233790, at *4). Therefore, bifurcation at this stage "does little to serve the interests of convenience, economy, or expedition." Wagner, 2016 WL 233790, at *4.

Lastly, Allstate argues that it will suffer prejudice if the claims are tried together and discovery is not stayed on the bad faith claim. (Def.'s Mot. at 4-5.) Allstate's concern is twofold: (1) it will be unable to effectively defend the breach of contract claim because some evidence that is considered discoverable under the bad faith claim is protected work product under the breach of contract claim, and (2) upon disclosure of the protected work product relating to the bad faith claim, the jury will be biased when assessing the breach of contract claim. (Id.)

In regard to the first prong of Allstate's argument, this Court rejected a similar argument in Zinno. There, the defendant was concerned that a failure to stay a bad faith claim would hamper its ability to properly defend the breach of contract claim because documents which were typically deemed protected work product in a breach of contract claim would be discoverable under the bad faith claim. Zinno, 2016 WL 6901697, at *3. Ultimately, the Court found that the potential for discovery disputes did not warrant staying the bad faith claim because protected work product is not discoverable "merely because work product prepared in anticipation of litigation over one claim may also be relevant to a second claim." Id. (quoting Wagner, 2016 WL 233790, at *3). The Court held that it would be more efficient to require the insurer to prove

its entitlement to the work product in the normal course of discovery than to bifurcate the claims. Id. Allstate has made no argument as to why we should depart from our reasoning in Zinno, and we see no differentiating factors in the instant case to warrant doing so.

As to Allstate's second argument that it will suffer prejudice, this Court is able to address any prejudice that may arise via the normal rules and procedures of litigation. The defendant in Reeves also voiced concern that it would suffer prejudice if the jury was allowed to hear protected work product evidence as a result of the two claims being tried together. But, we held that potential jury bias was not an adequate reason to sever the claims at this stage in the proceedings. Reeves, 2017 WL 1361546, at *4. Rather, the Court highlighted certain available options should the defendant still be concerned closer to the impending trial, such as staged trials and jury verdicts, and noted the defendant's ability to file a post-trial motion if it is concerned that the jury did not apply two separate standards of review. Id.

In sum, we see no reason to deviate from the reasoning employed in Zinno and Reeves, both of which presented nearly identical situations. Allstate has not carried its burden to show that bifurcation is warranted here, and the Court declines to exercise its discretion under Rule 42(b).

**IV.  Conclusion**

For the reasons discussed above, Allstate's motion is denied. An appropriate order follows.